UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PEGGY LOUISE WILLIAMS,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

Defendant.

CASE NO. 15-cv-05352 JRC

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter has been fully briefed (*see* Dkt. 12, 13, 14).

After considering and reviewing the record, the Court concludes the ALJ failed to develop the record on plaintiff's fibromyalgia diagnosis and resulting limitations. The medical records from plaintiff's treating physician are largely illegible, raising ambiguity

as whether those documents contain the diagnostic criteria necessary for a diagnosis of fibromyalgia. In the absence of legible records, the ALJ had a duty to develop the record, which she failed to do. The error is not harmless because the illegible records may contain symptoms and limitations stemming from fibromyalgia not considered by the ALJ. The case is reversed and remanded for further proceedings.

BACKGROUND

Plaintiff, PEGGY LOUISE WILLIAMS, was born in 1951 and was 59 years old on the alleged date of disability onset of July 24, 2011 (*see* AR. 160-61). Plaintiff obtained her GED (AR. 44). Plaintiff has work experience as office manager in a law office (AR. 46). This job ended when she was no longer able to perform the work due to cancer treatment (AR. 47).

According to the ALJ, plaintiff has at least the severe impairments of "status post treatment for cancer with hand and foot pain and numbness (20 CFR 404.1520(c))" (AR. 26).

At the time of the hearing, plaintiff was living with her husband and dog (AR. 43).

PROCEDURAL HISTORY

Plaintiff's application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following reconsideration (*see* AR. 89-96, 97-105). Plaintiff's requested hearing was held before Administrative Law Judge Rebekah Ross ("the ALJ") on July 17, 2013 (*see* AR. 38-87). On August 9, 2013, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 21-37).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ failed to develop the record regarding plaintiff's alleged fibromyalgia at step 2; (2) Whether or not the ALJ erred by failing to incorporate into the RFC any significant functional limitations caused by severe hand and foot pain and numbness found by the ALJ at step 2; (3) Whether or not the ALJ erred by finding plaintiff not credible; (4) whether or not the ALJ rejected lay witness testimony for improper reasons; and (5) Whether or not the ALJ's step 4 determination was supported by substantial evidence or was contrary to the law and facts (*see* Dkt. 12, p. 1). Because resolving the first issue is dispositive, the Court will assume that upon remand, the ALJ will reevaluate the entire record for the purpose of reaching a decision.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

### (1) Whether or not the ALJ failed to develop the record regarding plaintiff's alleged fibromyalgia at step 2

At step two of the disability evaluation analysis, the ALJ omitted fibromyalgia as a severe impairment after finding "there is no evidence in the record to support [fibromyalgia] being a medically determinable impairment." (AR. 27). Step-two of the

administration's evaluation process requires the ALJ to determine if the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (1996). An impairment is "not severe" if it does not "significantly limit" the ability to conduct basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual[']s ability to work.'" *Smolen, supra*, 80 F.3d at 1290 (*quoting* Social Security Ruling "SSR" 85-28) (*citing Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988)).

The step-two analysis is "a *de minimis* screening device to dispose of groundless claims," when the disability evaluation process ends at step two. *Smolen, supra,* 80 F.3d at 1290 (*citing Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987)). To meet this low threshold, the claimant must provide evidence from "acceptable medical sources" to establish a "medically determinable impairment." 20 C.F.R. § 404.1513(a). "An 'impairment' must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." Social Security Ruling ("SSR") 96–4p; *see also Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005). To prove a severe impairment, the record must include results of these "medically acceptable clinical diagnostic techniques." *Ukolov*, *supra*, 420 F.3d at 1005. Symptomology, alone, cannot establish a severe impairment. SSR 96–4p; *Ukolov, supra*, 420 F.3d at 1005. Here, the ALJ found a lack of objective medical evidence to support the fibromyalgia diagnosis (AR. 27).

Plaintiff argues that the ALJ failed in the duty to properly develop the record on her fibromyalgia diagnosis. The ALJ "has an independent 'duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (*quoting Brown v. Heckler*, 713 F.2d 411, 443 (9th Cir. 1983) (per curiam))). The "duty exists even when the claimant is represented by counsel." *Brown, supra*, 713 F.2d at 443 (*citing Driggins v. Harris*, 657 F.2d 187, 188 (8th Cir. 1981)). However, the ALJ's duty to supplement the record is triggered only if there is ambiguous evidence or if the record is inadequate to allow for proper evaluation of the evidence. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (*citing Smolen, supra*, 80 F.3d at 1288 (other citation omitted)). Here, the Commissioner contends the duty was not triggered because the record was more than adequate to determine plaintiff's fibromyalgia was not a medically determinable impairment (Dkt. 13, p. 3). The Court disagrees.

Under SSR 12-2p, fibromyalgia is considered a medically determinable impairment with a physician diagnosis and evidence meeting either the 1990 American College of Rheumatology Criteria for Classification of Fibromyalgia or the 2010 American College of Rheumatology Preliminary Diagnostic Criteria. SSR 12-2p. These diagnostic regimes establish two different sets of specific medical findings necessary for a fibromyalgia diagnosis. SSR 12-2p. A recent Ninth Circuit case requires the ALJ consider both sets of diagnostic criteria when evaluating the medical evidence. *See, Rounds v. Comm'r of Soc. Sec. Admin.*, 795 F.3d 1177, 1185 (9th Cir. 2015).

At the hearing, the ALJ inquired as to whether plaintiff had a diagnosis of fibromyalgia by the American College of Rheumatology criteria (AR. 42). Plaintiff's counsel stated the records contained a diagnosis of fibromyalgia but they were unclear as to tender point testing[1] (AR. 42). Counsel further noted the medical records from plaintiff's treating physician at Orchard Medical were largely illegible and difficult to decipher due to the doctor's handwriting (AR. 42). Examination of the medical records confirms reference to fibromyalgia as a chronic problem as of October 2011 (AR. 267). The diagnosis is discernible in subsequent records, but any details of symptoms, physical examinations, or diagnostics are indecipherable. (AR. 462-76). The Court is unable to determine whether plaintiff's physician conducted any of the required testing or gave an opinion on plaintiff's diagnosis or limitations. Given the illegibility of the medical records, it is difficult for the Court to determine whether or not there is substantial evidence supporting the ALJs opinion that fibromyalgia was not a medically determinable impairment.

With respect to fibromyalgia, The Administration "cannot rely upon the physician's diagnosis alone. The evidence must document that the physician reviewed the person's medical history and conducted a physical exam." Social Security Ruling, SSR 12-2p, available at 2012 SSR LEXIS 1, at *3, 2012 WL 3017612. Here, the physician's documentation is illegible and, therefore, inadequate to allow for proper evaluation of the medical evidence. This ambiguity triggers the ALJ's duty to develop the record. *See*

[1] A tender point testing result of 11 positive tender points on physical examination is one of the requirements of the 1990 ACR Criteria for classification of fibromyalgia.

*Tonapetyan*, *supra*, 242 F.3d at 1150; *Mayes*, *supra*, 276 F.3d at 459-60. Furthermore, where the evidence is insufficient to establish a medically determinable diagnosis of fibromyalgia, SSR 12-2p suggests resolution of the insufficiency by recontacting the medical source or requesting additional records. SSR 12-2p * 4. In this case, the ALJ made no effort to resolve the insufficiency in the record. The ALJ's failure to develop the record was error.

The Commissioner argues any error is harmless because the ALJ considered the impact of both severe and non-severe conditions in evaluating plaintiff's RFC (Dkt. 13, p. 3-4). However, when an ALJ fails to find an impairment severe, the error is not necessarily harmless just because the ALJ proceeds to subsequent steps in the sequential disability evaluation process. *See Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012). Exclusion of a severe impairment may result in a residual functional capacity that is incomplete, flawed, and not supported by substantial evidence in the record." *See id.* When the RFC is incomplete, the hypothetical question presented to the vocational expert is also incomplete. *See id.* at 1162. As a result, the ALJ's reliance on the vocational expert's testimony is improper and the denial of benefits is not supported by the record. *See id*.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the

ultimate nondisability determination,' *Marsh v. Colvin*, 792 F.3d 1170, 2015 U.S. App. LEXIS 11920 at *7-*8 (9th Cir. July 10, 2015) (*citing Stout*, 454 F.3d at 1055-56).

Here, the ALJ's error was not harmless because the illegibility of the medical records raises doubt as to the accuracy of the RFC. The indecipherable records from plaintiff's treating physician may contain symptoms, limitations, and medical opinions not included in the ALJ's analysis and RFC determination. Until the ALJ resolves the insufficiency in the record, the ALJ was in no position to properly evaluate the evidence.

Therefore, the case must be reversed and remanded for proceedings to further develop the record.

As for the other issues raised by plaintiff, the ALJ is directed to reevaluate the record anew on remand, in light of the comments set forth above.

CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 10th day of November, 2015.

J. Richard Creatura
United States Magistrate Judge